# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**PAUL D. SITES,**
**Claimant Below, Petitioner**

**FILED**
**November 20, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)   No. 12-0265** (BOR Appeal No. 2046444)
                        (Claim No. 2010123267)

**ALLEGHENY ENERGY SERVICE CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Paul D. Sites, by Lawrence E. Sherman Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Allegheny Energy Service Corporation, by Milinda J. Bowen, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 3, 2012, in which the Board affirmed an August 31, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 26, 2011, Order that denied Mr. Site's request for an EMG/NSC. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 6, 2010, Mr. Sites was employed as a service technician by Allegheny Energy Service Corporation when he fell at his place of employment. Mr. Sites fell on his right arm and right hip. His claim was held compensable for a right hip sprain. On January 26, 2011, the claims administrator denied Mr. Sites's request for an EMG/NSC because the lumbosacral spine and degenerative changes were not compensable components in his claim.

The Office of Judges concluded that the preponderance of the evidence failed to demonstrate Mr. Sites's need for an EMG/NCS directly resulted from his compensable injury. Mr. Sites disagrees and argues that the evidence establishes that the requested EMG/NSC is

1

reasonably required to assess and treat his work-related injury. Allegheny Energy Service Corporation maintains that the evidence establishes that the requested tests are unrelated to the compensable injury. Mr. Sites's MRI revealed L5-S1 focal disc herniation and right L4-5 and L3 foraminal narrowing due to lateral disc bulge and facet hypertrophy. Dr. Smith noted that Mr. Sites's MRI showed degenerative changes in multiple levels, and opined that his back condition was chronic and not related to the compensable injury. On March 23, 2011, Dr. Grady found Mr. Sites at maximum medical improvement for the compensable injury and that there was no ratable criteria for the resolved hip sprain. Dr. Grady could not attribute Mr. Sites's leg pain to the right hip compensable injury and opined that the pain was more likely coming from the low back. On June 23, 2011, Dr. Smith reviewed additional medical records and opined that Mr. Sites's degenerative changes were prominent and the disc herniation was on the opposite side from his current symptoms. Dr. Smith opined that the medical records did not support justifying the requested EMG/NSC.

The Office of Judges determined that Mr. Sites's MRI of the lumbar spine showed a focal disc herniation at L5-S1 that would be expected to cause problems or pain on the left side, but Mr. Sites complains of pain on his right side. It found evidence of some milder right sided abnormalities, none of which were held compensable. The Office of Judges concluded that Mr. Sites has not presented evidence demonstrating that his lumbar spine injury has been held compensable and that there was no link between his lumbar spine problems and his compensable injuries. The Board of Review reached the same reasoned conclusions in its decision of February 3, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 20, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

2